IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 5:04cv76/SPM/AK |
| GARY D. FISK, DOROTHY M. ) | |
| FISK, ANGELA CARMICHAEL as ) | |
| Trustee of an unnamed trust ) | |
| dated July 21, 1997, MICHELLE M. ) | |
| PIERCE f/k/a MICHELLE ) | |
| DALTON, REGIONS BANK ) | |
| d/b/a REGIONS MORTGAGE, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**CONSENT JUDGMENT, DECREE OF FORECLOSURE,
AND ORDER OF SALE**

This matter comes before the Court on the Joint Motion for Entry of

Judgment. After consideration and by consent of the parties, it is HEREBY

ORDERED, ADJUDGED, and DECREED as follows:

1. That the United States have and recover of the defendant Gary D. Fisk

for assessed unpaid federal income tax liabilities for the year 1993, the amount of

$25,796.57, as of April 15, 2005, plus further interest and statutory additions thereon as allowed by law.

    2.  That the United States have and recover of the defendant Dorothy M. Fisk, for assessed unpaid federal income tax liabilities for the year 1993, the amount of $25,796.57, as of April 15, 2005, plus further interest and statutory additions thereon as allowed by law.

    3.  That the United States have and recover of the defendant Gary D. Fisk for assessed unpaid federal income tax liabilities for the tax year 1994, the amount of $178,613.42, as of April 15, 2005, plus further interest and statutory additions thereon as allowed by law;

    4.  That the United States have and recover of the defendant Gary D. Fisk for assessed unpaid federal income tax liabilities for the tax year 1995, the amount of $408,889.60, as of April 15, 2005, plus further interest and statutory additions thereon as allowed by law;

    5.  That, upon assessment of the tax liabilities set forth in the paragraphs above, federal tax liens arose against the property and rights to property of the defendants including the following real properties (hereinafter Properties):

        a.  real property located at 3414 A Street, Panama City Florida, and more particularly described as follows:

> Commence at the Northwest corner of Lot 70, St. Andrews Bay Development Company's Plat of Section 24, Township 3 South, Range 14 West, Bay County, Florida; thence South 351.29 feet to the Point of Beginning; thence continue South 175 feet; thence East 300 feet; thence North 175 feet; thence West 300 feet to the Point of Beginning, being a part of Lot 75, St. Andrews Bay Development Company's Plat of Section 24, Township 3 South, Range 14 West, less and except the West 30 feet for road right-of-way.

(Hereinafter "Residential Property").

  b. real property described as follows:

> Commence at the Northwest corner of Lot 70, St. Andrews Bay Development Company's Plat of Section 24, Township 3 South, Range 14 West, Bay County, Florida; thence South 526.29 feet to the point of beginning; thence continue South 50 feet; thence East 300 feet; thence North 50 feet; thence West 300 feet to the Point of Beginning, being a part of Lot 75, St. Andrews Bay Development Company's Plat of Section 24, Township 3 South, Range 14 West, less and except the west 30 feet for the road right-of-way.

  6. That the federal tax liens described above are valid and being enforced in this action pursuant to 26 U.S.C. § 7403 through foreclosure upon the Real Properties;

  7. That the tax liens of the United States upon the Real Properties be foreclosed;

  8. That the Internal Revenue Service, Property Appraisal Liquidation Specialist ("PALS") is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the subject Properties to the highest and best bidder, subject to certain other rights as set forth in this Order.  No further orders

or process from this Court shall be required to effectuate the sale of the Real Properties;

 9. That the Internal Revenue Service is authorized after the time set forth in paragraph 12, to have free access to the Properties and to take all actions necessary to preserve the Properties, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the Properties, until the deed to the Properties is delivered to the ultimate purchaser.  That the Internal Revenue Service shall take all actions appropriate to conserve and preserve the Real Properties until the deed thereof is delivered to the successful purchaser, including without limitation obtaining insurance coverage on the Real Properties;

 10. That the terms and conditions of the sale are as follows:

  a. the Real Properties shall be sold free and clear of all liens and claims of any party to this proceeding;

  b. the sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Real Properties, and easements and restrictions of record, if any;

  c. the sale shall be held either at the Bay County Courthouse in Panama City, Florida, or on the Real Properties's premises;

    d.  the date and time for sale are to be announced by the Internal Revenue Service or its representative;

    e.  notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in the County, and, at the discretion of the Internal Revenue Service, by any other notice that it deems appropriate.  The notice shall contain a description of the Real Properties and shall contain the terms and conditions of sale in this order of sale;

    f.  the minimum bid will be at least $50,000 for the residential parcel of property.  The minimum bid for each parcel of property will be announced prior to the sale.  If the minimum bid is not met or exceeded, the Internal Revenue Service may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid.  However, the minimum bid for the residential parcel of property will not be less than $50,000 absent further order of this Court;

    g.  the successful bidder(s) shall be required to deposit at the time of the same with the Internal Revenue Service or its representative a minimum of ten percent of the bid, with the deposit to be made by certified or cashier's check payable to the United States District Court for the Northern District of Florida. Before being permitted to bid at the sale, bidders shall display to the Internal

Revenue Service or its representative proof that they are able to comply with this requirement. No bids will be received from any persons(s) who have not presented proof that, if they are the successful bidder(s), they can make the deposit required by this order of sale;

      h. the balance of the purchase price for the Real Properties is to be paid to the clerk of this Court within six days after the date the bid is accepted, by a certified or cashier's check payable to the United States District Court for the Northern District of Florida. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale with any amount remaining to be applied in order of priority to payment of the liens and other encumbrances held by parties in this civil action. The realty shall be again offered for sale under the terms and conditions of this order of sale. The parties may bid for purchase of the Real Properties; and

      i. the sale of the Properties shall be subject to confirmation by this Court. On confirmation of the sale, the Internal Revenue Service, Property Appraisal and Liquidation Specialist, shall execute and deliver a quit claim deed conveying the Properties to the purchaser. On confirmation of the sale, all interest in, liens against, or claims to, the Properties that are held or asserted by all parties to this action are discharged and extinguished. The Internal Revenue Service, Property Appraisal and Liquidation Specialist, shall make return of the

Confirmation of Sale for the Real Properties, with his or her proceedings endorsed thereon, showing the manner in which he or she has executed the same, within sixty days from the date of the sale of each Properties;

      j.  the sale is ordered under 28 U.S.C. § 2001, and is made without right of redemption;

    11.  That until Gary D. Fisk and Dorothy M. Fisk vacate the property pursuant to paragraph 12 below, they shall take all reasonable steps necessary to preserve the Properties (including all buildings, improvements, fixtures and appurtenances on the Properties) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the Properties. They shall neither commit waste against the Properties nor cause or permit anyone else to do so.  They shall neither do anything that tends to reduce the value or marketability of the Properties nor cause or permit anyone else to do so. The defendants shall not record any instruments, publish any notice, or take any other action (such as running newspaper adverstisements or posting signs) that may directly or indiretly tend to adversely affect the value of the Properties or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.  The defendant shall not remove any Internal Revenue Sale signs posted on the Properties;

12. That all persons occupying or using the Properties shall leave and vacate the Properties permanently within 60 days of the date of this Order, each taking with them his or her personal Properties (but leaving all improvements, buildings, fixtures, and appurtenances to the Properties). This includes all trailers that are not permanently affixed to the subject property which must also be removed within 60 days of the date of this Order. If any person fails or refuses to leave and vacate the Properties by the time specified in this Order, the Internal Revenue Service, Property Appraisal and Liquidation Specialist, in coordination with the United States Marshal's Service for the Northern District of Florida is authorized and directed to take all actions that are reasonably necessary to bring about the ejectment of those persons. All keys should be turned over to the Property Appraisal and Liquidation Specialist. If any person fails or refuses to remove his or her personal Properties from the Properties by the time specified, the personal Properties remaining on the Properties is deemed forfeited and abandoned, and the U.S. Marshal for the Northern District of Florida and his or her deputies are authorized to remove it. The Property Appraisal and Liquidation Specialist shall dispose of it in any manner he or she sees fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution. This Order shall serve as a Writ of Assistance or Writ of Possession,

as appropriate, and no further order from this Court shall be required for this purpose; and

      13. That the proceeds arising from sale are to be paid to Clerk of this Court and applied as far as they shall be sufficient to the following items, in the order specified:

          1. To the Internal Revenue Service, c/o Property and Appraisal Liquidation Specialist, for the out of pocket costs of the sale;

          2. To all taxes unpaid and matured that are owed to Bay County and/or Panama City, Florida for real property taxes on the Properties;

          3. To the defendant Regions Bank d/b/a Regions Mortgage in the amount of $8,770.15 as of May 31, 2005, plus $1.16 per day to the date of payment; and

          4. Any remaining proceeds shall be split in half and,

          (a) One-half of the proceeds shall be paid to the United States of America in full or partial satisfaction of the tax liabilities of Dorothy M. Fisk for the tax year 1993. Any amounts remaining from this one-half of the proceeds, after full satisfaction of the tax liabilities of Dorothy M. Fisk for the tax year 1993, will be paid to defendant Dorothy M. Fisk.

          (b) The other half of the proceeds will be paid to the United States of America and applied in full or partial satisfaction of the tax liabilities of the defendant Gary D. Fisk for the tax years 1993, 1994, and 1995. Any amounts remaining from this one-half of the proceeds, after full satisfaction of the tax

liabilities of Gary D. Fisk for the tax years 1993, 1994, and 1995, will be paid to the defendant Gary D. Fisk.

Dated this 6th day of July, 2005.

*s/ Stephan P. Mickle*
STEPHAN P. MICKLE
UNITED STATES DISTRICT COURT JUDGE

Agreed as to form and substance:

/s/Scott Brian Barloga (original signature retained by United States)
_____
SCOTT BRIAN BARLOGA
Barron, Redding, Hughes, Fite,
Fensom, Sanborn & Kiehn, P.A.
Fla. Bar No. 048143
P.O. Box 2467
Panama City, Florida  32402
Telephone:  (850) 785-7454
Facsimile:  (850) 785-2999
Email:  sbarloga@barronredding.com
Attorney for Gary D. Fisk and
Dorothy M. Fisk

GREGORY R. MILLER
United States Attorney

/s/Wendy Vann
_____
Wendy Vann
Virginia Bar No. 40026
Trial Attorney, Tax Division
U.S. Department of Justice
P. O. Box 14198
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-5899
Facsimile: (202) 514-9868
Email: wendy.k.vann@usdoj.gov

BRYANT AND HIGBY, CHARTERED

/s/ Rowlett W. Bryant (original signature retained by United States)
_____
ROWLETT W. BRYANT
Fla. Bar No. 009820
P.O. Box 860
Panama City, Florida  32402
Telephone:  (850) 763-1787
Facsimile:  (850) 785-1533
Email:  rwbryant@knowlogy.net
Attorney for Regions Bank d/b/a
Regions Mortgage

/s/ Gary Duane Fisk (original signature retained by United States)
_____
Gary D. Fisk, Defendant


/s/ Dorothy M. Fisk (original signature retained by United States)
_____
Dorothy M. Fisk, Defendant